**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Thao Lee, | ) | No. CV 09-1643-PHX-MHM (MHB) |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Katrina Kane, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Thao Lee (A028-009-671), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus (Doc. #1), a Motion for Preliminary Injunction (Doc. #2), and a Second Amended Motion to Consolidate Cases (Doc. #7). The Court will deny the Motion for Preliminary Injunction without prejudice and require Respondents to answer the Petition. The Clerk will be directed to terminate the Amended Motion to Consolidate (Doc. #6) because it has been superseded by the Second Amended Motion to Consolidate (Doc. #7). The Second Amended Motion to Consolidate will remain unresolved pending a ruling in the lowest numbered case — CV 09-1410-PHX-SRB (DKD). See LRCiv. 42.1(a)(2).

**I.      Petition for Writ of Habeas Corpus**

Petitioner is a native and citizen of Laos, who entered the United States as a refugee in March of 1988. On January 9, 2009, Petitioner was taken into custody by Immigration and Customs Enforcement (ICE), apparently because he failed to apply for and acquire lawful

permanent residence within one year of his entry in the United States as required by 8 U.S.C. § 1159(a). Under § 1159(a), a refugee who has been physically present in the U.S. for at least one year and has not acquired permanent resident status must "return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant." According to Petitioner, ICE interprets 8 U.S.C. § 1159(a) to authorize the indefinite detention of any refugee who has not become a lawful permanent resident within one year of entry. Petitioner's I-485 Application for Adjustment of Status and I-602 Application by Refugee for Waiver of Grounds for Excludability are currently pending before the United States Citizenship and Immigration Service.

On May 13, 2009, Petitioner filed a motion for custody redetermination. An Immigration Judge (IJ) initially granted Petitioner's motion, but later held that under 8 C.F.R. § 1003.19(h)(2)(i)(B), he was without jurisdiction to redetermine Petitioner's custody because Petitioner was an "arriving alien." The IJ also held that even if Petitioner was not an arriving alien, jurisdiction to redetermine Petitioner's custody was still lacking because under 8 U.S.C. § 1226(c) Petitioner was subject to mandatory detention as an alien who has been convicted of controlled substances offense. On July 28, 2009, the Board of Immigration Appeals affirmed the immigration judge's jurisdictional decision and dismissed Petitioner's appeal. Petitioner alleges that he has, therefore, exhausted his administrative remedies.

Petitioner argues that he is not subject to detention as an arriving alien. He also argues that ICE's interpretation of § 1159(a) violates the Constitution of the United States and the Immigration and Nationality Act and that no statutory or regulatory authority otherwise exists to authorize his continued detention. Petitioner claims that his detention violates his Fifth Amendment rights to both substantive and procedural due process. He also claims that his detention is not authorized by the Immigration and Nationality Act. Petitioner seeks an order compelling his immediate release from custody. The Court will require Respondents to answer the Petition.

////

## II. Motion for Preliminary Injunction

Petitioner also seeks a an injunction directing Respondents to immediately release him from detention. Petitioner's request for expedited release, however, is essentially a restatement of the ultimate request for relief presented in his Petition. Every habeas corpus petition necessarily alleges the same basic ground for relief, *i.e.*, that the petitioner is being detained in violation of the Constitution, laws or treaties of the United States. <u>See</u> 28 U.S.C. § 2241. Only when it is clear on the face of a petition that exceptional circumstances require immediate review of a petitioner's claims will consideration of his petition be advanced at the expense of prior, pending petitions. Upon the record currently before the Court, it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited adjudication or immediate release from custody. <u>See</u> <u>In re Roe</u>, 257 F.3d 1077, 1081 (9th Cir. 2001) (declining to resolve issue of whether a district court has the authority to release a prisoner pending resolution of a habeas case, but holding that if such authority does exist, it can only be exercised in an "extraordinary case involving special circumstances"). Accordingly, Petitioner's request for immediate release will be denied.

**IT IS ORDERED:**

(1) The Clerk must **terminate** Petitioner's Amended Motion to Consolidate (Doc. #6) as superseded.

(2) Petitioner's Motion for Preliminary Injunction (Doc. #2) is **denied** without prejudice.

(3) The Clerk of Court must serve a copy of the Summons, Petition, and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2).

(4) Respondents must answer the Petition within 20 days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing

1  cause as to why an answer is inadequate.  Petitioner may file a reply within 20 days from the

2  date of service of the answer.

3         (5)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules

4  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and

5  recommendation.

6         DATED this 15th day of October, 2009.

7

8

9  _____

10                  Mary H. Murguia
                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28